In this unusual case, plaintiff urges the court, pursuant to the Wunderlich Act, 41 U.S.C. §§321-322 (1976), to set aside a settlement reached between plaintiff and the Government, and approved by the Agriculture Board of Contract Appeals (board), for the alleged reason that the attorney representing plaintiff was not authorized to enter into such a settlement. We remand to the board.
Plaintiff was awarded a contract to construct a campground in Willamette National Forest, Oregon, in 1967. The contract was terminated by the contracting officer for default in 1969, and plaintiff appealed to the board. On March 4, 1974, the board issued a decision converting the default termination into a termination for convenience, Discount Co., 74-1 bca ¶10,511, agbca No. 291, and allowing the parties 45 days to reach a settlement. A settlement was reached in June 1974 and signed by attorneys for the Government and by plaintiffs attorney, Ralf H. Erlandson. The settlement was a final resolution of all of plaintiffs claims, and it was approved by the board on August 2,1974. 74-2 bca §10,766, agbca No. 291.
The president of plaintiff, Richard R. Norelius, was not involved in the settlement negotiations because friction had developed between him and the Government attorneys over the course of the contract and it was felt that Norelius’ presence would not be conducive to reaching an agreement. Plaintiff alleges that the parties had agreed that no settlement was to be entered into in these circumstances without Norelius’ express approval, and that, furthermore, plaintiffs attorney was clearly instructed not to enter into a settlement without such approval.
*954 Plaintiff alleges that Erlandson misled Norelius about the true nature of the agreement worked out in June 1974 and approved in August of the same year, and that it was not until 1979 that Norelius learned, or had any reason to know, that a complete settlement had been entered into by Erlandson in June 1974. Norelius thereupon complained to the Oregon State Bar Association and discovered that Erlandson was already under investigation for unethical practices and mental infirmities making him unfit for the practice of law. At that point (late 1979) plaintiff discharged Erlandson and retained present counsel who commenced this action in this court on August 1,1980.
Plaintiffs allegations are serious and if true indicate that a serious injustice has been done it. However, we do not believe that the case is properly before this court at this time for two reasons. First, our Wunderlich Act review is limited and does not permit our investigation of the facts alleged here. Second, it is the integrity of the board’s decision which is threatened by the alleged unethical practices and the board has a strong interest in safeguarding in the first instance its own processes.
1. The Wunderlich Act limits our review to decisions of the board which are arbitrary, capricious, or not supported by substantial evidence; which are erroneous on a question of law; or which involve fraud either by the board or by a Government official responsible for the contract. The present claim will not fit within any of these categories.
We cannot review facts or conclusions of the board relating to Erlandson’s activities because there are none before us. The board has had no opportunity to consider the issue, and this court may not in a Wunderlich Act case go outside the administrative record. United States v. Carlo Bianchi & Co., 373 U.S. 709, 716 (1963). Moreover, the affidavits, documents, and inferences upon which the parties rely in their pleadings and briefs conflict in important ways, creating genuine issues of disputed fact which would in any case preclude summary judgment. That being so, although we might decide a question of law not addressed by the board (so long as the facts necessary to its resolution are fully set out in the administrative record), there is no adequate factual basis in the record for us to *955 decide legal questions either. Obviously, this case requires a full inquiry into the facts before any further action can be taken. Given the foregoing, that inquiry cannot be taken by this court and therefore must be carried out by the board on remand.
Fraud, on the other hand, may be shown by extrinsic evidence. See Bianchi, 373 U.S. at 715. However, the Wunderlich Act gives us jurisdiction to review fraud by the head of any department or agency or by his representative or by the board and fraudulent decisions of such persons. 41 U.S.C. §321. If fraud was involved it was not perpetrated by the Government but by plaintiffs attorney. Plaintiff does not contend otherwise. Therefore, the court is not empowered to go outside the administrative record and must rely upon the board for full exposition of the facts.
2. There are also strong prudential considerations supporting remand to the board. It is the board, after all, whose decision is undermined by Erlandson’s alleged misconduct. We are certain that the board would wish in the first instance to take appropriate action to protect the integrity of its decision and processes.
In addition, the board’s decision approving the settlement was implicitly founded upon the entirely reasonable assumption that the settlement truly represented the agreement of the parties. If plaintiffs allegations are true, then the foundation of the decision is swept away and, in a sense, the board has never reached a decision in the case. It is therefore appropriate for the board to address the above issues at this stage of the proceedings.
it is therefore ordered, after careful consideration of the parties’ submissions and without oral argument, that plaintiffs motion for summary judgment and defendant’s cross-motion for summary judgment are both denied, without prejudice to either party’s submission of a motion for summary judgment under the Wunderlich Act following reconsideration by the board. The case is remanded to the Agriculture Board of Contract Appeals for reconsideration, in light of the serious allegations contained in plaintiffs petition, of its decision of August 2, 1974. In its reconsideration the board shall not be limited to the present record but shall itself determine the limit of its reconsideration, *956 including hearing the case de novo if it considers such action appropriate in the circumstances. Pursuant to Rule 149, final action by the court is stayed for 6 months, subject to extensions pursuant to Rule 150, and plaintiffs attorney is directed to make the reports to the court mandated by Rule 149(f).
August 6,1982
on defendant’s motion to vacate order
In our previous order in this case, dated May 7, 1982, we remanded the case to the Agriculture Board of Contract Appeals (board) for its consideration of plaintiffs claim that a settlement reached between it and defendant was invalid because plaintiffs attorney was unauthorized to enter into the settlement. We held that we did not have Wunderlich Act jurisdiction of the case at that time and we emphasized that the board has the primary interest in plaintiffs charges.
Defendant now presents this court with a motion to vacate that order and to dismiss the action, based on the alleged incapacity of plaintiff to sue in this court because it had been involuntarily dissolved on January 14, 1981, by the state of its incorporation (Oregon) for failure to file its annual report and fee for 1980-81. Plaintiff does not dispute the fact of the dissolution, nor that state law governs the capacity of a corporation to sue in this court, Rule 61(b), but it does argue vigorously that the dissolution did not terminate the corporation’s capacity to sue under Oregon law.
It seems to us that plaintiff has the better of the argument in view of the fact that both the alleged injury and the commencement of the suit predated the dissolution. Or. Rev. Stat. ¶¶57.630(1), 57.585(5). We do not reach that issue, however, because plantiff subsequently produced a certificate of reinstatement dated July 12, 1982. Defendant’s motion to dismiss appears to be moot. See Or. Rev. Stat. ¶57.585(3).
*957 In any case, defendant’s motion should be denied because the case is presently before the board. Our order of May 7, 1982, made it clear that this case is of primary concern to the board. By stating, "In its reconsideration the board shall not be limited to the present record but shall itself determine the limit of its reconsideration, including hearing the case de novo if it considers such action appropriate,” we meant to give the board the fullest possible latitude to decide the whole case. If, after considering the reinstatement, defendant wishes to pursue its motion, then it should do so first before the board. We said in our previous order:
It is the board, after all, whose decision is undermined by Erlandson’s alleged misconduct. We are certain that the board would wish in the first instance to take appropriate action to protect the integrity of its decision and processes.
Nothing in defendant’s motion alters that conclusion.
it is therefore ordered, after careful consideration of the parties’ submissions and without oral argument, that defendant’s motion to vacate order of remand and to dismiss is denied.